**333**

Charlotte L. David  
vs. }Eq. No. 4606  
Melina Tessier et al.  

RESCRIPT  
April 29, 1919  

SWEENEY, J. Heard on demurrer to the bill of complaint.

This is a bill in equity brought by a

widow against her step-daughter to declare a constructive trust upon certain real estate purchased for the complainant with her money by her husband, but the deed of said real estate was taken in his name without the knowledge or consent of the complainant.

The complainant avers that she never has been familiar with nor experienced in business; that she had full trust and implicit confidence in her husband; that she entrusted him with her money for the purpose of purchasing said real estate for her sole use and benefit and that from the time he purchased said property, June 11, 1888, until after his death, July 29, 1917, she believed that she was the owner of said real estate.

The complainant was appointed administratrix of the estate of said deceased husband September 11, 1917, and her final account as such administratrix was allowed January 21, 1919, and there was no balance of personal estate remaining and no sale of said real estate was made by her as such administratrix.

The bill also alleges that said complainant is now in possession of said real estate and that said step-daughter, Melina Tessier, claims to be the legal owner of said real estate and has brought an action of trespass and ejectment against the complainant, seeking to eject her from said real estate. The complainant prays that said Tessier be restrained from further prosecuting said action of trespass and ejectment and that the Court decree that said husband, John H. David, at the time of his death held said real estate as the property of the complainant and that said step-daughter Tessier as the sole heir-at-law be required to

**334**

convey said real estate to the complainant in fee simple on account of said resulting trust, and for further relief.

The respondent, Melina Tessier, and her husband J. Edward Tessier, have demurred to the bill, one of the grounds being laches on the part of the complainant.

The bill of complaint was filed February 12, 1919, and the complainant avears that "she always supposed until recently that she was the owner of said real estate and that she did not join in a mortgage of said real estate executed March 23, 1914, and that she did not then know of it".

It is a fair inference from the facts alleged in the bill of complaint that the complainant did not know of the fraud which had been practised upon her until some time after the death of her husband, which occurred July 29, 1917. As the bill was filed within 19 months after his death and probably within a shorter space of time after the complainant discovered the fraud, the Court cannot hold, as a matter of law upon the facts pleaded, that the complainant has been guilty of laches.

In equity in case of fraud the Statutes of Limitations begins to run not from the time the fraud was perpetrated but from the time of its discovery.

> Peck vs. Bank of America, 16 R. I. p. 715.

Laches in legal significance is not merely delay but delay that works to the disadvantage of another. The delay must come after a person knows his rights.

The mere lapse of time within the statutory limitation does not constitute laches ....

> Chase vs. Chase, 20 R. I. 202.

The question of laches must be decided upon the circumstances of each particular case.....

> Cetenich vs. Fuvich, 41 R. I. 107.

Another ground of demurrer alleged is that the complainant has not stated a sufficient case for equitable relief.

### 335

The demurrer admits the truth of all of the facts well pleaded and, assuming these facts to be true, the Court is of the opinion that the complainant has stated a case.

> Cetenich vs. Fuvich, supra.

The demurrer is overruled.

For complainant: William M. P.

Bowen.

For respondents: Archambault & Archambault and Huddy Emerson & Moulton.